[Civ. No. 9840.   Third Dist.   Nov. 22, 1960.]

MARGUERITE R. STARING, Appellant, v. KENNETH O. STARING, Respondent.

C. Ray Robinson, W. E. Craven and Charles E. Goff for Appellant.

Samuel K. Brantley for Respondent.

VAN DYKE, P. J.—This is an appeal from that portion of an interlocutory decree of divorce which awards certain realty to respondent as his separate property.

The parties intermarried in 1952 and separated in 1958. At the time of their marriage appellant was operating a beauty parlor in her home and respondent was a self-employed plumber. During the marriage appellant acquired considerable property by gift and inheritance and it has been awarded to her as her separate property. In 1955 respondent purchased two lots in Merced County for $21,000 of which he paid $7,000 from his separate funds and $12,000 from a loan procured on the security of another lot which he owned before marriage. Thereafter he erected a commercial building on the two lots, financing the cost thereof by a $22,000 loan secured by a trust deed on the two lots and a $12,000 loan secured by a trust deed on the lot which he had owned before marriage. At the time of trial approximately $17,700 had been paid on the principal of the three loans (which aggregated $48,000). It is appellant's contention that the trial court erred in finding that the three lots were the separate property of respondent. There is no merit in this contention. Appellant herself testified that during the marriage appellant's earnings from his work averaged between $300 and $500 a month, whereas his monthly income from rentals amounted to approximately $1,200. Since appellant estimated that the living expenses of herself and the parties' minor child amounted to $500 a month, exclusive of rent and utilities, the trial court could conclude that respondent's earnings were used in payment of household expenses and not for payments on the loans. Moreover, there was introduced into evidence a copy of a document entitled ''Ante Nuptial Agreement'' which provided that the parties were:

''. . . desirous that each should hold his or her property now in their possession or ownership, or which may hereafter be acquired by investment or the proceeds or profits from said property without any interference or molestation of the other party, the same as though no marriage existed;''

The agreement continued:

''Now, therefore, it is mutually agreed as follows;

''Each party agrees that he shall hold from now on and forever the property that he or she now owns of whatsoever nature to be the separate property at all times of the respective party, and that each party shall have the right to lease, sell, dispose of said property and receive all moneys, rents, issues and profits therefrom without interference by the other party; that each shall be responsible for their own debts now con-

tracted; or that may be contracted prior to the actual marriage.''

It is uncontradicted that during the marriage appellant received all the income from her separate property and that respondent received all the rentals from the property which he owned before marriage and from that which he acquired in his own name during the marriage. Such conduct, coupled with the apparent meaning of the agreement, evidences the intent of the parties that the property in dispute should be the separate property of respondent. It appears from the record that the issues here were factual. The facts are similar to those in *Cone* v. *Cone*, 131 Cal.App.2d 424, 430-431 [280 P.2d 871], which case sufficiently answers appellant's contentions as to any presumption that the property is community and as to the effect of any commingling of separate and community property that may have occurred.

That portion of the judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.